UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMORY D. CHRISTIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>RANCHO GRANDE MANUFACTURED HOME COMMUNITY, et al.,<br><br>    Defendants. | Case No. 21-cv-07040-VC<br><br>**ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 66, 76, 77 |

    1. Christian's request that the Court take judicial notice of the exhibits attached to her opposition brief is denied. When ruling on a motion to dismiss, courts are limited to the four corners of the complaint, documents incorporated into the complaint by reference, and any relevant matters subject to judicial notice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). While courts may take judicial notice of certain documents that are "not subject to reasonable dispute," this is a narrow category that includes only those facts that are "generally known" within the jurisdiction or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

    The exhibits here—which include security-camera footage and emails between the parties—are not generally known and do not come from sources whose accuracy cannot reasonably be questioned. Nor can these documents fairly be construed as being incorporated by reference into the complaint. While the complaint refers to events that occur in the security-camera footage and statements similar to those in the emails, the complaint does not "necessarily rel[y]" upon the exhibits, and the relevance of the exhibits is disputed. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also id.* ("[T]he mere mention of the

existence of a document is insufficient to incorporate the contents of a document.").

2. To state a claim under 42 U.S.C. Section 1981 or Section 1982, a plaintiff must allege that, "but for race," they "would not have suffered the loss of a legally protected right." *Comcast Corp. v. National Association of African American-Owned Media*, 140 S.Ct. 1009, 1019 (2020); *see id.* at 1016–17 (noting that Sections 1981 and 1982 are construed similarly). Allegations of discrimination are governed by the normal pleading standards under Federal Rule of Civil Procedure 8(a). *See Austin v. University of Oregon*, 925 F.3d 1133, 1135 (9th Cir. 2019). To survive a motion to dismiss, then, Christian must plead "sufficient, nonconclusory allegations plausibly linking the [adverse] action to discrimination" on the basis of race. *Id.* at 1138.

She has not done so. To begin, the conclusory statements sprinkled throughout the complaint—that the defendants took the relevant actions "because of her race and the fact that [she] had protested race discrimination"—are not enough, on their own, to state a claim of but-for race discrimination. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). And the facts alleged in support of these conclusions do not plausibly support an inference of discrimination. For example, Christian alleges that Burt Hamernick's discriminatory intent can be inferred from an email he sent that invoked a racial "dog whistle" reference to the Black Lives Matter movement. But the complaint does not quote the statement or provide any of the context in which it was sent.[1] Christian also alleges that she was treated differently than a Caucasian resident who complained to the Hamernicks about a tree that was diminishing his property. But absent additional information illustrating that this situation was comparable to Christian's, this statement too is not enough to plausibly allege discrimination. That the Hamernicks took some

---

[1] In her opposition to the Hamernicks' motion, Christian attaches an email conversation that appears to include the "dog-whistle" referenced in the complaint. As explained above, the Court declines to take judicial notice of the email. However, even if the Court were to take notice of the email, it would not, on its own, support an inference that the Hamernicks were discriminating against Christian because of her race. In the email, Hamernick summarizes a previous encounter he had with Christian, in which Christian explained that she was participating in Black Lives Matter protests. Even construed in Christian's favor, Hamernick's reference to the Black Lives Matter movement does not give rise to a claim that he discriminated against her on the basis of race in connection with the dispute she was having with her neighbor.

action to resolve a tenant's complaint at some point in the past does not suggest that their failure to do so here was driven by racial animus.

Similarly, Christian's allegations concerning Roberts's behavior are insufficient to plausibly allege that Roberts harassed Christian because of her race. In support of her claim of discrimination, Christian alleges that Roberts told an unidentified person that "our rights are being eroded" at some point during the period when this dispute was taking place. But without further information about the context of this statement, the Court cannot reasonably infer that Roberts was referring to the rights of white people, or that this comment was related to the dispute with Christian.

3. The right to due process under the Fourteenth Amendment is "not implicated by a *negligent* act of an official causing unintended loss to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). To state a 1983 claim against Stephenson and Hotchkiss for a deprivation of her due process rights, then, Christian must plausibly allege that they intentionally deprived her of her property by redrawing the boundary line of her property incorrectly. Again, she has not done so. Christian alleges that the decision to move her property marker "had no substantial relationship to public health, safety, morals, or general welfare." But even crediting this conclusory allegation, the Court cannot infer that the allegedly incorrectly drawn boundary line was due to anything other than a simple mistake. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotations omitted).

Nor has Christian plausibly alleged that Stephenson and Hotchkiss violated her rights under the Equal Protection Clause by discriminating against her because of her race. Discriminatory intent cannot reasonably be inferred from the mere fact that Hotchkiss and Stephenson failed to issue a citation to Roberts for the allegedly encroaching vegetation, and the complaint nowhere links their refusal to Christian's race. Perhaps Hotchkiss and Stephenson did not agree with Christian's assessment that the vegetation was encroaching her property. Or

perhaps they thought that the encroachment did not justify a citation. Considering the discretion afforded to local officers in the making of enforcement decisions, much more would be needed for the Court to draw the inference that underlies Christian's claim.

4. Christian's civil conspiracy claim fails for the same reasons. Because she has not plausibly alleged that the any of the defendants deprived her of her constitutional rights as individuals, she has not plausibly alleged that the defendants did so as a group. Indeed, the complaint is wholly devoid of allegations suggesting that the defendants conspired together in any way. *See Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir. 1988).

5. The Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).

\* \* \*

The motions to dismiss are granted. The Court is skeptical that Christian will be able to allege any claims under federal law in an amended complaint; this appears to be a property dispute between neighbors, not a civil rights violation. But in the interest of caution, the complaint is dismissed with leave to amend. Any amended complaint must be filed within 14 days of this order. If none is filed by that time, the dismissal will be with prejudice.

**IT IS SO ORDERED.**

Dated: June 21, 2022

VINCE CHHABRIA
United States District Judge